Case No. 12-13500-EE & 12-14731-EE

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAY 2 0 2013

JOHN LEY
CLERK

ALVIN WALKER, etc.,
      Plaintiff-Appellee,

v.

R.J. REYNOLDS TOBACCO CO.,
      Defendant-Appellant.

No. 12-13500-EE

---

GEORGE DUKE III,
      Plaintiff-Appellee,

v.

R.J. REYNOLDS TOBACCO CO.,
      Defendant-Appellant.

No. 12-14731-EE

---

Appeal from the United States District Court
for the Middle District of Florida

---

## BRIEF OF AMICUS IN SUPPORT OF APPELLEE
## AND SUPPORTING AFFIRMANCE

---

Steven L. Brannock
Celene H. Humphries
Tyler K. Pitchford
BRANNOCK & HUMPHRIES
100 South Ashley Drive, Suite 1130
Tampa, Florida 33602
Tel: (813) 223-4300
Fax: (813) 262-0604

Attorneys for Amicus

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

In compliance with Local Rule 26.1-1, the undersigned certifies that the following is a complete list of all trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, and includes subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

**Abrahamson & Uiterwyk**, Amicus.

**Alley Clark Griewe**, Amicus.

**Altria Group, Inc. (MO)**, publically held company and parent company of former Defendant Philip Morris USA, Inc.

**Andrews Law Group**, Amicus.

**Arnold, Keri**, counsel for former Defendant Philip Morris USA, Inc.

**Arnold & Porter, LLP**, counsel for former Defendant Philip Morris USA, Inc.

**Avera & Smith LLP**, Amicus.

**Bancroft PLLC**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Barnett, Kathryn E.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee, George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Bassett, W. Randall**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Bayuk, Frank T.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Bedell, Dittmar, DeVault, Pillans & Coxe, P.A.**, counsel for former Defendant Lorillard Tobacco Company.

**Beltz & Ruth, P.A.**, Amicus.

**Bernstein-Gaeta, Judith**, counsel for former Defendant Philip Morris USA, Inc.

**Blasingame, Janna M.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee, George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Bradford, Dana G., II**, counsel for former Defendant Philip Morris USA, Inc.

**Brannock & Humphries**, counsel for Amici.

Case: 12-13500    Date Filed: 05/08/2013    Page: 4 of 69
*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Brannock, Steven**, counsel for Amici.

**Brewer, Courtney**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee, George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**British American Tobacco P.L.C.**, through its ownership interest in Brown & Williamson Holdings, Inc., the indirect holder of more than 10% of the stock of Reynolds American Inc., parent company of Defendant-Appellant R.J. Reynolds Tobacco Company.

**Brown & Williamson Holdings Inc.**, holder of more than 10% stock of Reynolds American Inc., parent company of Defendant-Appellant R.J. Reynolds Tobacco Company.

**Brown, Joshua R.**, counsel for former Defendant Philip Morris USA, Inc.

**Bucholtz, Jeffrey S.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Burnette, Jason T.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Byrd, Kenneth S.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Cabraser, Elizabeth J.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Clement, Paul D.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Coll, Patrick P.**, counsel for former Defendant Lorillard Tobacco Company.

**Conway, Anne M.**, Chief Judge of Middle District of Florida.

**Corrigan, Timothy J.**, Judge of Middle District of Florida.

**Council for Tobacco Research, USA, Inc.**, former Defendant.

**Daboll, Bonnie C.**, counsel for former Defendant Philip Morris USA, Inc.

**Dalton, Roy B., Jr.**, Judge of Middle District of Florida.

**Davis, Stanley D.**, counsel for former Defendant Philip Morris USA, Inc.

**Deere, Stacey E.**, counsel for former Defendant Philip Morris USA, Inc.

**Dennis A. Lopez & Associates**, Amicus.

**DeVault, John A., III**, counsel for former Defendant Lorillard Tobacco Company.

**Dewberry, Michael J.**, Special Master.

Case: 12-13500    Date Filed: 05/08/2013    Page: 6 of 69
*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**DLA Piper US, LLP**, counsel for former Defendant Lorillard Tobacco Company.

**Dominick & Shevin, PL**, Amicus.

**Dorsal Tobacco Corp.**, former Defendant.

**Duke, George, III**, Plaintiff (Case No. 12-14731-EE).

**Duke, Thomas F.**, former Plaintiff (Case No. 12-14731-EE).

**Durham, William L., II**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Farah, Charlie E.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Farah, Eddie E.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Farah & Farah, P.A.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

Case: 12-13500    Date Filed: 05/08/2013    Page: 7 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Fitzgerald & Associates, P.A.**, Amicus.

**Foster, Brian A.**, counsel for former Defendant Lorillard Tobacco Company.

**Fowler, Gregory L.**, counsel for former Defendant Philip Morris USA, Inc.

**Furr, Jeffrey L.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Gerson & Schwartz**, Amicus.

**Gillen, William A., Jr.**, counsel for former Defendant Philip Morris USA, Inc.

**Goldman, Lauren R.**, counsel for former Defendant Philip Morris USA, Inc.

**Greenberg Traurig, LLP**, law firm for former Defendant Lorillard Tobacco Company.

**Gross, Jennifer**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Grossi, Peter T., Jr.**, counsel for former Defendant Philip Morris USA, Inc.

**Hamelers, Brittany E.**, counsel for former Defendant Philip Morris USA, Inc.

Case: 12-13500    Date Filed: 05/08/2013    Page: 8 of 69
*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Hartley, Stephanie J.,** counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Heimann, Richard M.,** counsel for Plaintiff George Duke, III Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Homolka, Robert D.,** counsel for former Defendant Philip Morris USA, Inc.

**Huck, Paul C.,** Judge of Southern District of Florida, sitting by designation in the Middle District of Florida.

**Hughes, Hubbard & Reed, LLP,** counsel for former Defendant Lorillard Tobacco Company.

**Humphries, Celene,** counsel for Amici.

**Invesco Ltd.,** holder of more than 10% of the stock of Reynolds American Inc., parent company of Defendant-Appellant R.J. Reynolds Tobacco Company.

**Issacharoff, Samuel,** counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and

Case: 12-13500    Date Filed: 05/08/2013    Page: 9 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Jones Day**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Co.

**Kamm, Cathy A.**, counsel for former Defendant Philip Morris USA, Inc.

**Katsas, Gregory G.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Keehfus, Jason E.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Kelley Uustal PLC**, Amicus.

**King & Spalding, LLP**, law firm for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Klindt, James R.**, Magistrate Judge of the Middle District of Florida.

**Knight, Andrew J., II**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Kouba, David E.**, counsel for former Defendant Philip Morris USA, Inc.

**Kucharz, Kevin**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Laane, M. Sean**, counsel for former Defendant Philip Morris USA, Inc.

**Lantinberg, Richard J.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff

Case: 12-13500    Date Filed: 05/08/2013    Page: 10 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Law Office of Howard M. Acosta**, Amicus.

**Law Office of Robert S. Glazier**, Amicus.

**Law Offices of Gary Paige, P.A.**, Amicus.

**Law Offices of John S. Kalil, P.A.**, Amicus.

**Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.**, Amicus.

**Lieff, Cabraser, Heimann & Bernstein, LLP**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Lifton, Diane E.**, counsel for former Defendants Lorillard Tobacco Co. and Lorillard, Inc.

**Liggett Group LLC**, former Defendant.

**London, Sarah R.**, counsel for Plaintiff George Duke, III Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Lorillard, Inc. (LO)**, former Defendant.

**Lorillard Tobacco Company**, former Defendant.

C9 of 16

Case: 12-13500    Date Filed: 05/08/2013    Page: 11 of 69
*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Mason, Lucy E.**, counsel for former Defendant Philip Morris USA, Inc.

**Mayer Brown, LLP**, law firm for former Defendant Philip Morris USA, Inc.

**Mayer, Theodore V.H.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**McLuskey & McDonald, P.A.**, Amicus.

**Mills, John S.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Molony, Daniel F.**, counsel for former Defendant Philip Morris USA, Inc.

**Monde, David M.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Morgan & Morgan, P.A.**, Amicus.

**Morse, Charles R.A.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Moseley, Prichard, Parrish, Knight & Jones**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Murphy, Jr., James B.**, counsel for former Defendant Philip Morris USA, Inc.

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Nealey, Scott P.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Nelson, Robert J.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Openchowski, Mallori B.**, counsel for former Defendant Philip Morris USA, Inc.

**Parker, Stephanie E.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Parker Waichman LLP**, Amicus.

**Parrish, Robert B.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Patryk, Robb W.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**Persons, W. Ray**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Philip Morris USA, Inc.**, former Defendant.

Case: 12-13500    Date Filed: 05/08/2013    Page: 13 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Pitchford, Tyler**, counsel for Amici.

**Prichard, Joseph W., Jr.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Rabil, Joseph M.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Ratzan Law Group**, Amicus.

**Reeves, David C.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Reynolds American Inc. (RAI)**, publicly held company and parent company of Defendant-Appellant R.J. Reynolds Tobacco Company.

**R.J. Reynolds Tobacco Company**, Defendant-Appellant.

**Robert A. Hanreck, P.A.**, Amcius.

**Rogers Towers, P.A.**, counsel for Special Master.

**Ross, David L.**, counsel for former Defendant Lorillard Tobacco Company.

**Rossman, Baumberger, Reboso, Spier & Connolly, P.A.**, Amicus.

**Rumberger, Kirk & Caldwell, P.A.**, counsel for former Defendant Philip Morris USA, Inc.

**Sagafi, Jahan Crawford Reza**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE).

**Salcedo, Maria**, counsel for Defendant Philip Morris USA, Inc.

Case: 12-13500    Date Filed: 05/08/2013    Page: 14 of 69
*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Sankar, Stephanie S.**, counsel for former Defendant Philip Morris USA, Inc.

**Schlesinger Law Offices, P.A.**, Amicus.

**Searcy Denney Barnhart Scarola & Shipley, P.A.**, Amicus.

**Sears, Connor J.**, counsel for former Defendant Philip Morris USA, Inc.

**Sexton, Terrence J.**, counsel for former Defendant Philip Morris USA, Inc.

**Shook, Hardy & Bacon, LLP**, law firm for former Defendant Philip Morris USA, Inc.

**Smith, Gambrell & Russell, LLP**, law firm for former Defendant Philip Morris USA, Inc.

**Sprie, Ingo W., Jr.**, counsel for former Defendant Philip Morris USA, Inc.

**Strom, Lydia J.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Sullivan, Thomas C.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Swerdloff, Nicolas**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**Terrell Hogan Ellis Yegelwel, P.A.**, Amicus.

C13 of 16

Case: 12-13500     Date Filed: 05/08/2013     Page: 15 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**The Carlyle Appellate Law Firm**, Amicus.

**The Law Firm of Gary, Williams, Parenti, Watson & Gary, P.L.**, Amicus.

**The Law Offices of Richard B. Rosenthal, P.A.**, Amicus.

**The Mills Firm, P.A.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**The Tobacco Institute, Inc.**, former Defendant.

**The Whittemore Law Group, P.A.**, Amicus.

**The Wilner Firm**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Toomey, Joel B.**, Magistrate Judge of Middle District of Florida.

**Tye, Michael S.**, counsel for former Defendant Philip Morris USA, Inc.

**Vector Group, Ltd., Inc. (VGR)**, former Defendant.

**Walden, Michael L.**, counsel for former Defendant Philip Morris USA, Inc.

**Walker, Alvin**, Plaintiff-Appellee (Case No. 12-13500-EE).

Walker, Charles – former Plaintiff (Case No. 12-13500-EE).

Case: 12-13500    Date Filed: 05/08/2013    Page: 16 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Walker, John M.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Walker, Pauline**, former Plaintiff (Case No. 12-13500-EE).

**Warren, Edward I.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE).

**Weaver, Kurt D.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Weiner, Daniel H.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**Wernick, Aviva L.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**William J. Wichmann, P.A.**, Amicus.

**Williams, Cecily C.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**Wilner, Norwood S.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Wolf Haldenstein Adler Freeman & Herz LLP**, Amicus.

Case: 12-13500    Date Filed: 05/08/2013    Page: 17 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Womble Carlyle Sandridge & Rice, PLLC**, law firm for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Yarber, John F.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Yarbrough, Jeffrey A.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Zebersky & Payne, LLP**, Amicus.

Case: 12-13500   Date Filed: 05/08/2013   Page: 18 of 69

## TABLE OF CONTENTS

Certificate of Interested Parties and Corporate Disclosure Statement ...................C1

Table of Authorities ............................................................................................ ii

Statement of the Issues........................................................................................ iv

Statement of the Amicus.........................................................................................1

Authorship & Financial Contribution ....................................................................3

Summary of Argument .........................................................................................4

Argument...............................................................................................................6

    I.      The Tobacco Defendants' Record in Defending *Engle* Progeny
            Claims Belies any Concern that these Companies have
            Received Insufficient Process .................................................................6

    II.     Reynolds' Argument Concerning the Inadequacy of the Jury
            Instructions Was Settled Long Ago. ...................................................16

    III.    Reynolds' Arguments are Limited to the Strict Liability and
            Negligence Claims. .............................................................................22

Conclusion ..........................................................................................................23

Certificate of Compliance ...................................................................................24

Certificate of Service ..........................................................................................24

i

# TABLE OF AUTHORITIES

**Cases**

*Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*,
    178 F. Supp. 2d 198 (E.D.N.Y. 2001)............................................................15

*Chua v. Hilbert*,
    846 So. 2d 1179 (Fla. 4th DCA 2003)..........................................................20

*\* Engle v. Liggett Group, Inc.*,
    945 So. 2d 1246 (Fla. 2006) ................................................................ 1, 3, 19

*Florida E. Coast Ry. Co. v. Gonsiorowski*,
    418 So. 2d 382 (Fla. 4th DCA 1982)............................................................20

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)........................................................................................6

*Philip Morris USA Inc. v. Campbell*,
    132 S. Ct. 1794 (2012)..................................................................................14

*Philip Morris USA Inc. v. Weingart*,
    106 So. 3d 533 (Fla. 4th DCA 2013)............................................................13

*\* Philip Morris USA, Inc. v. Douglas*,
    SC12-617, 2013 WL 978259 (Fla. Mar. 14, 2013) ......................................13

*R.J Reynolds Tobacco Co. v. Clay*,
    133 S. Ct. 650 (2012)....................................................................................14

*R.J. Reynolds Tobacco Co. v. Gray*,
    132 S. Ct. 1810 (2012)..................................................................................14

*R.J. Reynolds Tobacco Co. v. Hall*,
    132 S. Ct. 1795 (2012)..................................................................................14

*R.J. Reynolds Tobacco Co. v. Jewett*,
    106 So. 3d 465 (Fla. 1st DCA 2012)............................................................13

ii

Case: 12-13500    Date Filed: 05/08/2013    Page: 20 of 69

*R.J. Reynolds Tobacco Co. v. Martin,*
  132 S. Ct. 1794 (2012)...................................................................................14

*Smith v. R.J. Reynolds Tobacco Co.,*
  630 A.2d 820 (N.J. Super. Ct. App. Div. 1993) ............................................15

*Starling v. R.J. Reynolds Tobacco Co.,*
  845 F. Supp. 2d 1215 (M.D. Fla. 2011) ..........................................................2

*U.S. v. Gentile,*
  322 Fed. Appx. 699 (11th Cir. 2009) ...............................................................6

*United States v. Philip Morris USA Inc.,*
  566 F.3d 1095 (D.C. Cir. 2009).......................................................................1

*United States v. Philip Morris USA, Inc.,*
  449 F. Supp. 2d 1 (D.D.C. 2006).....................................................................1

*United States v. Philip Morris USA, Inc.,*
  130 S. Ct. 1502 (2010).....................................................................................1

*\* Whitman v. Castlewood Intern. Corp.,*
  383 So. 2d 618 (Fla. 1980) .............................................................. 19, 20, 21

**Rules**

Florida Rule of Civil Procedure 1.470.....................................................................19

Case: 12-13500     Date Filed: 05/08/2013     Page: 21 of 69

## <u>STATEMENT OF THE ISSUES</u>

Whether the application of the *Engle* class-wide findings to the *Engle* progeny litigation violates the Due Process Clause.

## STATEMENT OF THE AMICUS

This amicus brief is filed on behalf of many law firms who collectively represent thousands of *Engle* class members in their individual actions against the tobacco companies in *Engle* progeny litigation.[1] *See Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006). These clients, who are far too numerous to list individually, have a direct interest in this case because they wish to hold on to the rights secured on their behalf in the *Engle* class litigation. These rights could be severely and negatively affected if this Court were to disagree with the Florida Supreme Court and determine that the use of the class-wide findings established in the *Engle* litigation somehow violates due process. Such a determination would substantially delay subsequent litigation in *Engle* by: (1) creating conflict between federal and Florida courts on the use of the *Engle* findings, which could delay further litigation while this conflict is sorted out; (2) requiring retrial of *Engle*

---

[1]    The specific law firms are Abrahamson & Uiterwyk; Alley Clark Griewe; Andrews Law Group; Avera & Smith LLP; Beltz & Ruth, P.A.; Dennis A. Lopez & Associates; Dominick & Shevin, PL; Fitzgerald & Associates, P.A.; Gerson & Schwartz; Kelley Uustal PLC; Law Office of Howard M. Acosta; Law Office of Robert S. Glazier; Law Offices of Gary Paige, P.A.; Law Offices of John S. Kalil, P.A.; Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A.; McLuskey & McDonald, P.A.; Morgan & Morgan, P.A.; Parker Waichman LLP; Ratzan Law Group; Rossman, Baumberger, Reboso, Spier & Connolly, P.A.; Schlesinger Law Offices, P.A.; Searcy Denney Barnhart Scarola & Shipley, P.A.; Terrell Hogan Ellis Yegelwel, P.A.; The Carlyle Appellate Law Firm; The Law Firm of Gary, Williams, Parenti, Watson & Gary, P.L.; The Law Offices of Richard B. Rosenthal, P.A.; The Whittemore Law Group, P.A.; William J. Wichmann, P.A.; Wolf Haldenstein Adler Freeman & Herz LLP; and Zebersky & Payne, LLP.

1

progeny cases that have already gone to verdict; and (3) necessitating thousands of lengthy retrials of the tobacco defendants' misconduct.

These delays would likely mean that thousands of *Engle* class members will never receive their day in court. The original *Engle* proceedings began nearly twenty years ago. The Phase I trial concerning the misconduct of the tobacco companies took a year. If the *Engle* findings are given the minimal effect urged by Reynolds, every class member will effectively have to start over in proving the defendants' well-known and common course of misconduct in trials that are much longer than the typical *Engle* progeny case under the current trial plan.[2] The practical result for the plaintiffs will be that the overwhelming majority will perish, as will many of their heirs, before their cases ever come to trial. Due to the age of the already-shrinking plaintiff class, and the natural course of smoking-related disease, further delays in resolving these cases will likewise prevent a substantial number of class members from ever having their cases tried.[3] The practical result for the court system would be to exponentially increase the burden presented by

---

[2]    *See United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006) (examining documenting Tobacco's misconduct in detail), *affirmed in relevant part and vacated in part on other issues*, 566 F.3d 1095 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 1502 (2010).

[3]    *See generally Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1231 n.19 (M.D. Fla. Nov. 2, 2011) (noting that the tobacco defendants "are well aware that *Engle* Smokers are dying at a fairly constant rate and it is likely that in the coming years, **most** of the *Engle* progeny cases will be brought by the *Engle* Smokers' personal representatives").

2

this litigation.   In sum, the ruling sought by Reynolds here would defeat the original purpose for trying the misconduct of the tobacco defendants as a class action and return the thousands of *Engle* progeny cases to the starting line.

The amici law firms also have a financial interest in this case because they have invested tens of thousands of hours of attorney time and millions of dollars in costs and expenses in litigating *Engle* progeny cases in reliance on the Florida Supreme Court's holding in *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006), that the approved *Engle* findings are "common to all class members" and will have *res judicata* effect in class members' individual trials.

### Authorship and Financial Contribution

**Authorship.**   This brief is authored by undersigned counsel, who has the ultimate responsibility for its content.   In preparing this brief, counsel has referred to and utilized language from briefs previously authored by other appellate lawyers actively involved in *Engle* progeny litigation including briefs authored by John Mills, before he was retained as attorney for Appellees Alvin Walker and George Duke, III.

**Contributions.**   No party or party's counsel contributed money that was intended to fund preparing or submitting the brief.   No person -- other than the amici curiae, its members, or its counsel -- contributed money that was intended to fund preparing or submitting the brief.

3

## SUMMARY OF THE ARGUMENT

We raise three points in this Amicus brief. In Section I we focus on the practical reality of this litigation, giving the Court perspective about the way these cases are litigated. We demonstrate that Reynolds and the other Tobacco Defendants have been given a full and fair opportunity to litigate the class-wide and individual claims in these cases. Moreover, to send plaintiffs back to the starting line after nineteen years of litigation would violate the plaintiffs' rights to due process. Finally, Reynolds' claims about the unfairness of these proceedings is belied by the history of this litigation, in which Tobacco regularly emerges victorious, despite the well-established findings of its heinous misconduct in this and other litigation.

In Section II we focus on Reynolds' primary argument that the original jury verdict form was inadequate for its intended purpose. In response we demonstrate that Reynolds and its *Engle* codefendants, not the plaintiffs, bore that responsibility under long-settled Florida law. Most importantly, for preclusion purposes, Reynolds and the other Tobacco Defendants had a full and fair opportunity to address the specificity of the jury verdict form. Tobacco made a strategic choice not to offer a more specific verdict form, a choice that it must live with now.

Finally, in an abundance of caution we point out that this case addresses only the strict liability and negligence findings. Even if this Court were to disagree

4

Case No. 12-13500-EE & 12-14731-EE

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ALVIN WALKER, etc.,
  Plaintiff-Appellee,

v.            No. 12-13500-EE

R.J. REYNOLDS TOBACCO CO.,
  Defendant-Appellant.

_____

GEORGE DUKE III,
  Plaintiff-Appellee,

v.            No. 12-14731-EE

R.J. REYNOLDS TOBACCO CO.,
  Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

## BRIEF OF AMICUS IN SUPPORT OF APPELLEE
## AND SUPPORTING AFFIRMANCE

_____

Steven L. Brannock
Celene H. Humphries
Tyler K. Pitchford
BRANNOCK & HUMPHRIES
100 South Ashley Drive, Suite 1130
Tampa, Florida 33602
Tel: (813) 223-4300
Fax: (813) 262-0604

Attorneys for Amicus

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u><br><u>CORPORATE DISCLOSURE STATEMENT</u>

In compliance with Local Rule 26.1-1, the undersigned certifies that the following is a complete list of all trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, and includes subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

**Abrahamson & Uiterwyk**, Amicus.

**Alley Clark Griewe**, Amicus.

**Altria Group, Inc. (MO)**, publically held company and parent company of former Defendant Philip Morris USA, Inc.

**Andrews Law Group**, Amicus.

**Arnold, Keri**, counsel for former Defendant Philip Morris USA, Inc.

**Arnold & Porter, LLP**, counsel for former Defendant Philip Morris USA, Inc.

**Avera & Smith LLP**, Amicus.

**Bancroft PLLC**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Barnett, Kathryn E.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee, George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Bassett, W. Randall**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Bayuk, Frank T.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Bedell, Dittmar, DeVault, Pillans & Coxe, P.A.**, counsel for former Defendant Lorillard Tobacco Company.

**Beltz & Ruth, P.A.**, Amicus.

**Bernstein-Gaeta, Judith**, counsel for former Defendant Philip Morris USA, Inc.

**Blasingame, Janna M.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee, George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Bradford, Dana G., II**, counsel for former Defendant Philip Morris USA, Inc.

**Brannock & Humphries**, counsel for Amici.

Case: 12-13500    Date Filed: 05/08/2013    Page: 4 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Brannock, Steven,** counsel for Amici.

**Brewer, Courtney,** counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee, George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**British American Tobacco P.L.C.,** through its ownership interest in Brown & Williamson Holdings, Inc., the indirect holder of more than 10% of the stock of Reynolds American Inc., parent company of Defendant-Appellant R.J. Reynolds Tobacco Company.

**Brown & Williamson Holdings Inc.,** holder of more than 10% stock of Reynolds American Inc., parent company of Defendant-Appellant R.J. Reynolds Tobacco Company.

**Brown, Joshua R.,** counsel for former Defendant Philip Morris USA, Inc.

**Bucholtz, Jeffrey S.,** counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Burnette, Jason T.,** counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Byrd, Kenneth S.,** counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Cabraser, Elizabeth J.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Clement, Paul D.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Coll, Patrick P.**, counsel for former Defendant Lorillard Tobacco Company.

**Conway, Anne M.**, Chief Judge of Middle District of Florida.

**Corrigan, Timothy J.**, Judge of Middle District of Florida.

**Council for Tobacco Research, USA, Inc.**, former Defendant.

**Daboll, Bonnie C.**, counsel for former Defendant Philip Morris USA, Inc.

**Dalton, Roy B., Jr.**, Judge of Middle District of Florida.

**Davis, Stanley D.**, counsel for former Defendant Philip Morris USA, Inc.

**Deere, Stacey E.**, counsel for former Defendant Philip Morris USA, Inc.

**Dennis A. Lopez & Associates**, Amicus.

**DeVault, John A., III**, counsel for former Defendant Lorillard Tobacco Company.

**Dewberry, Michael J.**, Special Master.

C4 of 16

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**DLA Piper US, LLP**, counsel for former Defendant Lorillard Tobacco Company.

**Dominick & Shevin, PL**, Amicus.

**Dorsal Tobacco Corp.**, former Defendant.

**Duke, George, III**, Plaintiff (Case No. 12-14731-EE).

**Duke, Thomas F.**, former Plaintiff (Case No. 12-14731-EE).

**Durham, William L., II**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Farah, Charlie E.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Farah, Eddie E.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Farah & Farah, P.A.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

Case: 12-13500    Date Filed: 05/08/2013    Page: 7 of 69
*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Fitzgerald & Associates, P.A.**, Amicus.

**Foster, Brian A.**, counsel for former Defendant Lorillard Tobacco Company.

**Fowler, Gregory L.**, counsel for former Defendant Philip Morris USA, Inc.

**Furr, Jeffrey L.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Gerson & Schwartz**, Amicus.

**Gillen, William A., Jr.**, counsel for former Defendant Philip Morris USA, Inc.

**Goldman, Lauren R.**, counsel for former Defendant Philip Morris USA, Inc.

**Greenberg Traurig, LLP**, law firm for former Defendant Lorillard Tobacco Company.

**Gross, Jennifer**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Grossi, Peter T., Jr.**, counsel for former Defendant Philip Morris USA, Inc.

**Hamelers, Brittany E.**, counsel for former Defendant Philip Morris USA, Inc.

Case: 12-13500     Date Filed: 05/08/2013     Page: 8 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Hartley, Stephanie J.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Heimann, Richard M.**, counsel for Plaintiff George Duke, III Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Homolka, Robert D.**, counsel for former Defendant Philip Morris USA, Inc.

**Huck, Paul C.**, Judge of Southern District of Florida, sitting by designation in the Middle District of Florida.

**Hughes, Hubbard & Reed, LLP**, counsel for former Defendant Lorillard Tobacco Company.

**Humphries, Celene**, counsel for Amici.

**Invesco Ltd.**, holder of more than 10% of the stock of Reynolds American Inc., parent company of Defendant-Appellant R.J. Reynolds Tobacco Company.

**Issacharoff, Samuel**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and

Case: 12-13500    Date Filed: 05/08/2013    Page: 9 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Jones Day**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Co.

**Kamm, Cathy A.**, counsel for former Defendant Philip Morris USA, Inc.

**Katsas, Gregory G.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Keehfus, Jason E.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Kelley Uustal PLC**, Amicus.

**King & Spalding, LLP**, law firm for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Klindt, James R.**, Magistrate Judge of the Middle District of Florida.

**Knight, Andrew J., II**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Kouba, David E.**, counsel for former Defendant Philip Morris USA, Inc.

**Kucharz, Kevin**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Laane, M. Sean**, counsel for former Defendant Philip Morris USA, Inc.

**Lantinberg, Richard J.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Law Office of Howard M. Acosta**, Amicus.

**Law Office of Robert S. Glazier**, Amicus.

**Law Offices of Gary Paige, P.A.**, Amicus.

**Law Offices of John S. Kalil, P.A.**, Amicus.

**Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.**, Amicus.

**Lieff, Cabraser, Heimann & Bernstein, LLP**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Lifton, Diane E.**, counsel for former Defendants Lorillard Tobacco Co. and Lorillard, Inc.

**Liggett Group LLC**, former Defendant.

**London, Sarah R.**, counsel for Plaintiff George Duke, III Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Lorillard, Inc. (LO)**, former Defendant.

**Lorillard Tobacco Company**, former Defendant.

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Mason, Lucy E.**, counsel for former Defendant Philip Morris USA, Inc.

**Mayer Brown, LLP**, law firm for former Defendant Philip Morris USA, Inc.

**Mayer, Theodore V.H.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**McLuskey & McDonald, P.A.**, Amicus.

**Mills, John S.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Molony, Daniel F.**, counsel for former Defendant Philip Morris USA, Inc.

**Monde, David M.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Morgan & Morgan, P.A.**, Amicus.

**Morse, Charles R.A.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Moseley, Prichard, Parrish, Knight & Jones**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Murphy, Jr., James B.**, counsel for former Defendant Philip Morris USA, Inc.

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Nealey, Scott P.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Nelson, Robert J.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Openchowski, Mallori B.**, counsel for former Defendant Philip Morris USA, Inc.

**Parker, Stephanie E.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Parker Waichman LLP**, Amicus.

**Parrish, Robert B.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Patryk, Robb W.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**Persons, W. Ray**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Philip Morris USA, Inc.**, former Defendant.

Case: 12-13500     Date Filed: 05/08/2013     Page: 13 of 69

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Pitchford, Tyler**, counsel for Amici.

**Prichard, Joseph W., Jr.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Rabil, Joseph M.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Ratzan Law Group**, Amicus.

**Reeves, David C.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Reynolds American Inc. (RAI)**, publicly held company and parent company of Defendant-Appellant R.J. Reynolds Tobacco Company.

**R.J. Reynolds Tobacco Company**, Defendant-Appellant.

**Robert A. Hanreck, P.A.**, Amcius.

**Rogers Towers, P.A.**, counsel for Special Master.

**Ross, David L.**, counsel for former Defendant Lorillard Tobacco Company.

**Rossman, Baumberger, Reboso, Spier & Connolly, P.A.**, Amicus.

**Rumberger, Kirk & Caldwell, P.A.**, counsel for former Defendant Philip Morris USA, Inc.

**Sagafi, Jahan Crawford Reza**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE).

**Salcedo, Maria**, counsel for Defendant Philip Morris USA, Inc.

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Sankar, Stephanie S.**, counsel for former Defendant Philip Morris USA, Inc.

**Schlesinger Law Offices, P.A.**, Amicus.

**Searcy Denney Barnhart Scarola & Shipley, P.A.**, Amicus.

**Sears, Connor J.**, counsel for former Defendant Philip Morris USA, Inc.

**Sexton, Terrence J.**, counsel for former Defendant Philip Morris USA, Inc.

**Shook, Hardy & Bacon, LLP**, law firm for former Defendant Philip Morris USA, Inc.

**Smith, Gambrell & Russell, LLP**, law firm for former Defendant Philip Morris USA, Inc.

**Sprie, Ingo W., Jr.**, counsel for former Defendant Philip Morris USA, Inc.

**Strom, Lydia J.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Sullivan, Thomas C.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Swerdloff, Nicolas**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**Terrell Hogan Ellis Yegelwel, P.A.**, Amicus.

Case: 12-13500    Date Filed: 05/08/2013    Page: 15 of 69
*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**The Carlyle Appellate Law Firm**, Amicus.

**The Law Firm of Gary, Williams, Parenti, Watson & Gary, P.L.**, Amicus.

**The Law Offices of Richard B. Rosenthal, P.A.**, Amicus.

**The Mills Firm, P.A.**, counsel for Plaintiff-Appellee Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff-Appellee George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**The Tobacco Institute, Inc.**, former Defendant.

**The Whittemore Law Group, P.A.**, Amicus.

**The Wilner Firm**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Toomey, Joel B.**, Magistrate Judge of Middle District of Florida.

**Tye, Michael S.**, counsel for former Defendant Philip Morris USA, Inc.

**Vector Group, Ltd., Inc. (VGR)**, former Defendant.

**Walden, Michael L.**, counsel for former Defendant Philip Morris USA, Inc.

**Walker, Alvin**, Plaintiff-Appellee (Case No. 12-13500-EE).

Walker, Charles – former Plaintiff (Case No. 12-13500-EE).

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Walker, John M.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Walker, Pauline**, former Plaintiff (Case No. 12-13500-EE).

**Warren, Edward I.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE).

**Weaver, Kurt D.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Weiner, Daniel H.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**Wernick, Aviva L.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**William J. Wichmann, P.A.**, Amicus.

**Williams, Cecily C.**, counsel for former Defendants Lorillard Tobacco Company and Lorillard, Inc.

**Wilner, Norwood S.**, counsel for Plaintiff Alvin Walker, as personal representative of the Estate of Albert Walker (Case No. 12-13500-EE) and Plaintiff George Duke, III, as personal representative of the Estate of Sarah Duke (Case No. 12-14731-EE).

**Wolf Haldenstein Adler Freeman & Herz LLP**, Amicus.

*Walker & Duke v. R.J. Reynolds Tobacco Co.*
Case Nos. 12-13500-EE & 12-14731-EE

**Womble Carlyle Sandridge & Rice, PLLC**, law firm for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Yarber, John F.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Yarbrough, Jeffrey A.**, counsel for Defendant-Appellant R.J. Reynolds Tobacco Company.

**Zebersky & Payne, LLP**, Amicus.

# TABLE OF CONTENTS

Certificate of Interested Parties and Corporate Disclosure Statement ................... C1

Table of Authorities ........................................................................................... ii

Statement of the Issues...................................................................................... iv

Statement of the Amicus .................................................................................... 1

Authorship & Financial Contribution ................................................................ 3

Summary of Argument ....................................................................................... 4

Argument............................................................................................................ 6

    I.     The Tobacco Defendants' Record in Defending *Engle* Progeny
         Claims Belies any Concern that these Companies have
         Received Insufficient Process ............................................................ 6

    II.    Reynolds' Argument Concerning the Inadequacy of the Jury
         Instructions Was Settled Long Ago. ................................................ 16

    III.   Reynolds' Arguments are Limited to the Strict Liability and
         Negligence Claims. ........................................................................... 22

Conclusion ....................................................................................................... 23

Certificate of Compliance ................................................................................ 24

Certificate of Service ....................................................................................... 24

i

## TABLE OF AUTHORITIES

**Cases**

*Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*,
    178 F. Supp. 2d 198 (E.D.N.Y. 2001)............................................................15

*Chua v. Hilbert*,
    846 So. 2d 1179 (Fla. 4th DCA 2003)..........................................................20

\* *Engle v. Liggett Group, Inc.*,
    945 So. 2d 1246 (Fla. 2006) ............................................................ 1, 3, 19

*Florida E. Coast Ry. Co. v. Gonsiorowski*,
    418 So. 2d 382 (Fla. 4th DCA 1982)............................................................20

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950)..........................................................................................6

*Philip Morris USA Inc. v. Campbell*,
    132 S. Ct. 1794 (2012)...................................................................................14

*Philip Morris USA Inc. v. Weingart*,
    106 So. 3d 533 (Fla. 4th DCA 2013)............................................................13

\* *Philip Morris USA, Inc. v. Douglas*,
    SC12-617, 2013 WL 978259 (Fla. Mar. 14, 2013) .......................................13

*R.J Reynolds Tobacco Co. v. Clay*,
    133 S. Ct. 650 (2012).....................................................................................14

*R.J. Reynolds Tobacco Co. v. Gray*,
    132 S. Ct. 1810 (2012)...................................................................................14

*R.J. Reynolds Tobacco Co. v. Hall*,
    132 S. Ct. 1795 (2012)...................................................................................14

*R.J. Reynolds Tobacco Co. v. Jewett*,
    106 So. 3d 465 (Fla. 1st DCA 2012)............................................................13

*R.J. Reynolds Tobacco Co. v. Martin,*
    132 S. Ct. 1794 (2012)...................................................................................14

*Smith v. R.J. Reynolds Tobacco Co.,*
    630 A.2d 820 (N.J. Super. Ct. App. Div. 1993) ...........................................15

*Starling v. R.J. Reynolds Tobacco Co.,*
    845 F. Supp. 2d 1215 (M.D. Fla. 2011) .........................................................2

*U.S. v. Gentile,*
    322 Fed. Appx. 699 (11th Cir. 2009) .............................................................6

*United States v. Philip Morris USA Inc.,*
    566 F.3d 1095 (D.C. Cir. 2009)......................................................................1

*United States v. Philip Morris USA, Inc.,*
    449 F. Supp. 2d 1 (D.D.C. 2006).....................................................................1

*United States v. Philip Morris USA, Inc.,*
    130 S. Ct. 1502 (2010)......................................................................................1

\* *Whitman v. Castlewood Intern. Corp.,*
    383 So. 2d 618 (Fla. 1980) .......................................................... 19, 20, 21

## Rules

Florida Rule of Civil Procedure 1.470....................................................19

## STATEMENT OF THE ISSUES

Whether the application of the *Engle* class-wide findings to the *Engle* progeny litigation violates the Due Process Clause.

## STATEMENT OF THE AMICUS

This amicus brief is filed on behalf of many law firms who collectively represent thousands of *Engle* class members in their individual actions against the tobacco companies in *Engle* progeny litigation.[1]  *See Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006).   These clients, who are far too numerous to list individually, have a direct interest in this case because they wish to hold on to the rights secured on their behalf in the *Engle* class litigation.  These rights could be severely and negatively affected if this Court were to disagree with the Florida Supreme Court and determine that the use of the class-wide findings established in the *Engle* litigation somehow violates due process.  Such a determination would substantially delay subsequent litigation in *Engle* by:  (1) creating conflict between federal and Florida courts on the use of the *Engle* findings, which could delay further litigation while this conflict is sorted out; (2) requiring retrial of *Engle*

---

[1]    The specific law firms are Abrahamson & Uiterwyk; Alley Clark Griewe; Andrews Law Group; Avera & Smith LLP; Beltz & Ruth, P.A.; Dennis A. Lopez & Associates; Dominick & Shevin, PL; Fitzgerald & Associates, P.A.; Gerson & Schwartz; Kelley Uustal PLC; Law Office of Howard M. Acosta; Law Office of Robert S. Glazier; Law Offices of Gary Paige, P.A.; Law Offices of John S. Kalil, P.A.; Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A.; McLuskey & McDonald, P.A.; Morgan & Morgan, P.A.; Parker Waichman LLP; Ratzan Law Group; Rossman, Baumberger, Reboso, Spier & Connolly, P.A.; Schlesinger Law Offices, P.A.; Searcy Denney Barnhart Scarola & Shipley, P.A.; Terrell Hogan Ellis Yegelwel, P.A.; The Carlyle Appellate Law Firm; The Law Firm of Gary, Williams, Parenti, Watson & Gary, P.L.; The Law Offices of Richard B. Rosenthal, P.A.; The Whittemore Law Group, P.A.; William J. Wichmann, P.A.; Wolf Haldenstein Adler Freeman & Herz LLP; and Zebersky & Payne, LLP.

1

progeny cases that have already gone to verdict; and (3) necessitating thousands of lengthy retrials of the tobacco defendants' misconduct.

These delays would likely mean that thousands of *Engle* class members will never receive their day in court. The original *Engle* proceedings began nearly twenty years ago. The Phase I trial concerning the misconduct of the tobacco companies took a year. If the *Engle* findings are given the minimal effect urged by Reynolds, every class member will effectively have to start over in proving the defendants' well-known and common course of misconduct in trials that are much longer than the typical *Engle* progeny case under the current trial plan.[2] The practical result for the plaintiffs will be that the overwhelming majority will perish, as will many of their heirs, before their cases ever come to trial. Due to the age of the already-shrinking plaintiff class, and the natural course of smoking-related disease, further delays in resolving these cases will likewise prevent a substantial number of class members from ever having their cases tried.[3] The practical result for the court system would be to exponentially increase the burden presented by

---

[2]     *See United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006) (examining documenting Tobacco's misconduct in detail), *affirmed in relevant part and vacated in part on other issues*, 566 F.3d 1095 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 1502 (2010).

[3]     *See generally Starling v. R.J. Reynolds Tobacco Co.*, 845 F. Supp. 2d 1215, 1231 n.19 (M.D. Fla. Nov. 2, 2011) (noting that the tobacco defendants "are well aware that *Engle* Smokers are dying at a fairly constant rate and it is likely that in the coming years, **most** of the *Engle* progeny cases will be brought by the *Engle* Smokers' personal representatives").

this litigation.   In sum, the ruling sought by Reynolds here would defeat the original purpose for trying the misconduct of the tobacco defendants as a class action and return the thousands of *Engle* progeny cases to the starting line.

The amici law firms also have a financial interest in this case because they have invested tens of thousands of hours of attorney time and millions of dollars in costs and expenses in litigating *Engle* progeny cases in reliance on the Florida Supreme Court's holding in *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006), that the approved *Engle* findings are "common to all class members" and will have *res judicata* effect in class members' individual trials.

### Authorship and Financial Contribution

**Authorship.**  This brief is authored by undersigned counsel, who has the ultimate responsibility for its content.  In preparing this brief, counsel has referred to and utilized language from briefs previously authored by other appellate lawyers actively involved in *Engle* progeny litigation including briefs authored by John Mills, before he was retained as attorney for Appellees Alvin Walker and George Duke, III.

**Contributions.**  No party or party's counsel contributed money that was intended to fund preparing or submitting the brief.  No person -- other than the amici curiae, its members, or its counsel -- contributed money that was intended to fund preparing or submitting the brief.

3

## SUMMARY OF THE ARGUMENT

We raise three points in this Amicus brief.  In Section I we focus on the practical reality of this litigation, giving the Court perspective about the way these cases are litigated.   We demonstrate that Reynolds and the other Tobacco Defendants have been given a full and fair opportunity to litigate the class-wide and individual claims in these cases.   Moreover, to send plaintiffs back to the starting line after nineteen years of litigation would violate the plaintiffs' rights to due process.  Finally, Reynolds' claims about the unfairness of these proceedings is belied by the history of this litigation, in which Tobacco regularly emerges victorious, despite the well-established findings of its heinous misconduct in this and other litigation.

In Section II we focus on Reynolds' primary argument that the original jury verdict form was inadequate for its intended purpose.  In response we demonstrate that Reynolds and its *Engle* codefendants, not the plaintiffs, bore that responsibility under long-settled Florida law.   Most importantly, for preclusion purposes, Reynolds and the other Tobacco Defendants had a full and fair opportunity to address the specificity of the jury verdict form.  Tobacco made a strategic choice not to offer a more specific verdict form, a choice that it must live with now.

Finally, in an abundance of caution we point out that this case addresses only the strict liability and negligence findings. Even if this Court were to disagree

4

Case: 12-13500    Date Filed: 05/08/2013    Page: 26 of 69

with the many courts that have addressed and rejected Tobacco's due process argument, its ruling should be restricted to those findings.  The many additional arguments relating to the fraud and conspiracy counts remain to be developed in other litigation.

## ARGUMENT

### I.    THE TOBACCO DEFENDANTS' RECORD IN DEFENDING *ENGLE* PROGENY CLAIMS BELIES ANY CONCERN THAT THESE COMPANIES HAVE RECEIVED INSUFFICIENT PROCESS.

Appellees' principal brief effectively rebuts Reynolds' argument that the small plaintiffs' verdicts in these cases represent a denial of Reynolds' right to due process.[4] In this section, we focus on how the practical reality of the *Engle* progeny litigation demonstrates as strongly as any legal argument that Reynolds has been given a full and fair opportunity to litigate its defenses, which is all due process requires. *See, e.g., U.S. v. Gentile,* 322 Fed. Appx. 699 (11th Cir. 2009), *citing Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 131-14, 70 S. Ct. 652, 657 (1950).

But there are two sides to the due process issue. This case began as a class action in 1994 on behalf of 700,000 Florida plaintiffs. Because of Tobacco's strategy to litigate everything and settle virtually nothing -- no matter how settled an issue may be -- only ten plaintiffs after 19 years have successfully navigated the litigation process all the way through the Florida and federal courts and have collected a judgment from Tobacco. Ten out of 700,000! Yet, after a year-long trial, two appeals to the Florida Supreme Court, and the rejection of its due process

---

[4] In this brief we refer to the Plaintiffs in these consolidated appeals, Alvin Walker and George Duke III, as "Plaintiffs" or "Appellees." We refer to R.J. Reynolds Tobacco Co. as "Reynolds." We refer to the tobacco defendants in the original *Engle* litigation as "Tobacco" or the "Tobacco Defendants".

6

argument by every court to consider it, Tobacco still maintains that the litigation must start over virtually at square one. A result more violative of the due process rights of the thousands of *Engle* progeny plaintiffs waiting for their day in court can hardly be imagined. This Court should firmly reject Tobacco's arguments, yet again, and allow this litigation to proceed to a conclusion.

Perhaps no defendant in history has had more due process than Reynolds and the other Tobacco Defendants that participated in the original *Engle* litigation. Appellees effectively tell the first part of the story -- the original *Engle* litigation. As Appellees describe in their brief, that litigation began as a class action. The entire purpose of that class action, as Reynolds conveniently forgets, was to ensure that those claims common to the entire class would be resolved once, instead of thousands of times. As Appellees describe, Phase I concerned those common claims, the misconduct of Tobacco. After one of the most time-consuming trials in Florida history, the *Engle* jury found that Tobacco's addictive and deadly products were defective and unreasonably dangerous and that Tobacco was negligent in selling these products.

All parties knew that these findings were to apply to every class member. The jury was instructed that it was reaching class-wide findings. The jury was asked questions of class-wide import. Most importantly, the parties tailored their arguments on a class-wide basis. Significantly, the Tobacco Defendants went all

7

in. They chose not to argue that only some of their products were defective or that some products were safer than other. In other words, they chose not to litigate the case over the particular "micro" defects Reynolds now focuses on in its brief. Instead, Tobacco tried to convince the jury that it had done nothing wrong and that its products were not defective because they were as safe as possible. Simply put, Tobacco presented its case as an all or nothing proposition and lost.

But Tobacco's loss and the application of those class-wide findings is not the end of the litigation story in *Engle* progeny litigation. Each plaintiff must then prove that they are, in fact, an *Engle* class member for the general findings of misconduct apply to their cases. The cases address questions like: Did they use Tobacco's products? Were they addicted to nicotine as a result? What are their damages? Were they influenced by Tobacco's now well-chronicled fifty-year campaign of lies? How much was the smoker to blame for his or her choices in not overcoming their addiction (i.e. comparative fault)? Are punitive damages appropriate?

These questions take much time and effort to litigate. Although Reynolds' initial brief attempts to paint the picture that *Engle* progeny plaintiffs simply show up with their *Engle* findings in hand, prove damages, and walk away with a big verdict, nothing could be further from the truth. Despite the important benefits of the *Engle* findings, trying a lawsuit against Tobacco remains an arduous task

8

because Tobacco asserts every possible defense. Most of the individual progeny cases take two weeks or more of trial time, after the completion of voir dire.[5] The jury typically hears from the family and friends of the smoker, treating physicians, expert witnesses on both sides on the history of tobacco and addiction, and expert witnesses on the medical causation. The jury sees thousands of documents concerning the conspiracy to manufacture a false controversy to conceal the dangers of smoking to determine how all of that impacted the individual plaintiff. The jury hears from expert and lay witnesses and hears substantial argument by the parties on allocating fault between the parties. The records in these cases are typically tens of thousands of pages. In short, the individual trials are hard fought and thoroughly litigated, giving Tobacco, like Reynolds here, a full opportunity to raise its individual defenses to the individual *Engle* progeny plaintiff's claim.

Thus, by the end of an *Engle* progeny trial, every conceivable defense has been litigated by Tobacco. In the year-long phase I of *Engle*, Reynolds and its fellow Tobacco Defendants had every opportunity to convince the jury that the cigarettes it sold to the class were not defective and that it was not negligent in selling those cigarettes. It failed. In the typical two to three week individual *Engle* progeny trial Tobacco has every opportunity to demonstrate why the particular individual smoker should not prevail. Sometimes it succeeds; sometimes it fails.

_____

[5] Federal trials tend to run shorter because much less time is devoted to voir dire.

9

The point is, Tobacco has already been given every opportunity to litigate its class-wide claims and defenses, and in the progeny trials, enjoys every opportunity to litigate the individual claims and defenses before a judgment is finally rendered.

Contrary to the tenor of the Reynolds' arguments, Tobacco Defendants have fared quite well in defending these claims, winning a sizable percentage of cases tried to date. **Exhibit 1** lists, in chronological order, the 107 *Engle* progeny trials that have taken place to date.[6] The plaintiffs prevailed in 61 cases, the defendants won 28, and 18 ended in mistrials. Thus, in the 89 cases tried to verdict, the defense has won nearly one-third of the time notwithstanding that their decades-long course of heinous misconduct has already been established.    And if one counts a mistrial as a defense victory, as do the Tobacco Defendants,[7] they have prevailed in 43% of the trials to date.

---

[6]    This chart does not include at least two cigarette cases in which the plaintiffs asserted *Engle* class membership but otherwise might not be considered "*Engle* progeny." John Lukacs successfully asserted that he was a member of the class and obtained a verdict before the decision in *Engle*, and that judgment was subsequently upheld in *Philip Morris USA, Inc. v. Lukacs*, 34 So. 3d 56 (Fla. 3d DCA 2010). Carmela A. Ferlanti prevailed in her individual action even though the jury found that she was not a member of the *Engle* class, and that judgment was affirmed in *Liggett Group LLC v. Ferlanti*, 53 So. 3d 1229 (Fla. 4th DCA 2011).

[7]    *See* **Exhibit 5** (Philip Morris press release bragging that it "has won or mistried approximately two-thirds of its *Engle* cases to go to trial since the beginning of 2011"); **Exhibit 6** (account from recent shareholder meeting for Reynolds' parent company noting that C.E.O. bragged that mistrials are "successes").

10

While the plaintiffs have prevailed in approximately two-thirds of the cases tried to verdict, the results have varied significantly and many are more accurately characterized as defense wins.  **Exhibit 2** lists the jury awards in cases in which the plaintiff at least nominally prevailed.  Although some awards are substantial in light of the circumstances of the individual plaintiffs, a plaintiff's "win" is often pyrrhic.  In three cases, the juries awarded zero damages; and in eight more, the gross damages award (before reduction for comparative fault) was less than $1 million.  Juries awarded punitive damages in only 30 of the 61 plaintiffs' verdicts. Juries find plaintiffs, on average, fifty percent at fault, although six juries found the plaintiff to be at or over 90% at fault.[8]

Indeed, these two cases are perfect examples of a plaintiff's pyrrhic victory. In each case the jury placed a substantial share of the fault on the plaintiff and awarded small awards of $27,500 and $7,676.25 after the allocation of comparative fault.  These awards are obviously dwarfed by the enormous costs of litigating these cases.  Yet Tobacco appeals, determined to deny any responsibility, no matter how small.

This range of verdicts, from defense and small verdicts to multi-million verdicts, reflects that juries are deciding these cases on their individual facts,

---

[8]    A verdict like the one in the *Rohr* case that found the plaintiff to be 100% at fault on the negligence and strict liability claims and finding for the defense on the intentional tort claims is listed as a defense verdict.  But a plaintiff's verdict for zero damages is not because it is subject to additur.

precisely as the Florida Supreme Court envisioned.  In each, the jury hears different facts about why the smoker to smoke, the strength of the smoker's addiction, his or her attempts to quit, and whether he or she was impacted by Tobacco's campaign of doubt.  Most smoking and became addicted long before the serious health risks of smoking became a matter of public discussion.  A few started smoking in an era of warning labels and public health litigation.  Some plaintiffs prove that they were heavily influenced by Tobacco's campaign of doubt in their decision to start and continue smoking.  Others fail in that attempt.  The point is, the jury has the opportunity to consider the individual facts relevant to each plaintiff and Tobacco has the opportunity to present all of its individual defenses, and the jury rules accordingly.

Prevailing in front of the jury, of course, is not the end of the process as the trial and appellate courts review the verdicts to ensure they are in accord with the law and not excessive. **Exhibit 3** lists the 48 plaintiffs' judgments trial courts have entered to date that have not been reversed. These judgments average $9.7 million.[9]  **Exhibit 4** lists the 17 plaintiffs' judgments that have been affirmed by the district courts of appeal, which also average $6.16 million.  Eight plaintiffs'

---

[9]    If a jury verdict has been remitted, the remitted number is shown on the chart.

12

judgments have been reversed, at least in part.[10]   One case, *Douglas*, has been affirmed by the Florida Supreme Court, *Philip Morris USA, Inc. v. Douglas*, No. SC12-617, 2013 WL 978259 (Fla. Mar. 14, 2013), and the court has denied review in several others.

Then there is review by the United States Supreme Court.  The *Engle* defendants who, as demonstrated by these two cases, appeal every judgment no matter how small, and often seek review in the Supreme Court of the United States, even per curiam affirmances without opinion ("PCAs"). [11] To date, they

---

[10]     *R.J. Reynolds Tobacco Company v. Jewett*, 106 So. 3d 465 (Fla. 1st DCA 2012) (reversing on jury instruction issue); *Philip Morris USA, Inc. v. Kayton*, 104 So. 3d 1145 (Fla. 4th DCA 2012) (affirming the compensatory and punitive damages award as not excessive but remanding on the statute of repose issue); *Philip Morris USA, Inc. v. Naugle*, 103 So. 3d 944 (Fla. 4th DCA 2012) (reversing compensatory and punitive damages awards as excessive); *Philip Morris USA Inc. v. Cohen*, 102 So. 3d 11 (Fla. 4th DCA 2012) (affirming the compensatory and punitive damages award as not excessive but remanding on the statute of repose issue); *Philip Morris USA, Inc. v. Hess*, 95 So. 3d 254 (Fla. 4th DCA 2012) (reversing punitive damage award based on statute of repose); *R.J. Reynolds Tobacco Co. v. Webb*, 93 So. 3d 331 (Fla. 1st DCA 2012) (reversing $79.2 million judgment as excessive); *R.J. Reynolds Tobacco Co. v. Mack*, 92 So. 3d 244 (Fla. 1st DCA 2012) (reversing on evidentiary grounds); *R.J. Reynolds Tobacco Co. v. Townsend*, 90 So. 3d 307 (Fla. 1st DCA 2012) (reversing $40 million punitive damages judgment as excessive).

[11]     For example, the three tobacco defendants in *Philip Morris USA, Inc. v. Weingart*, 106 So. 3d 533 (Fla. 4th DCA 2013), have appealed a judgment in which the jury found the plaintiff 91% at fault and awarded no damages. After the trial court granted an additur of $150,000, the net verdict against the three tobacco defendants was $4,500 each. Thus, by the time the defendants paid the filing fee and paid their lawyers to perfect the appeal and record, they had already spent more than is at issue.

13

have sought Supreme Court review in five cases (including three PCAs), and that Court has denied review in all five.[12]

Statistics aside, history teaches that these defendants have taken tremendous advantage of their due process rights in an unprecedented manner. Trying these cases is particularly daunting and expensive because, in the experience of the amici, the defendants continue to employ the strategies touted in their internal documents to win cases or deter trials by making it as difficult and expensive for plaintiffs and their lawyers as possible[13] and to confuse jurors on issues of causation and addiction with the same false controversies that are at the heart of the conspiracy.

Making smoking and health litigation as burdensome and expensive for the amici as possible is not a new strategy for the industry. Its implementation (and success) was well-described by outside counsel for R.J. Reynolds Tobacco Company in a 1988 memorandum:

> [T]he aggressive posture we have taken regarding depositions and discovery in general continues to make these cases extremely burdensome and expensive for plaintiffs' lawyers, particularly sole practitioners. To paraphrase General Patton, the way we won these

---

[12]    *R. J. Reynolds Tobacco Co. v. Clay*, 133 S. Ct. 650 (2012); *R.J. Reynolds Tobacco Co. v. Martin*, 132 S. Ct. 1794 (2012); *Philip Morris USA Inc. v. Campbell*, 132 S. Ct. 1794 (2012); *R.J. Reynolds Tobacco Co. v. Hall*, 132 S. Ct. 1795 (2012); *R.J. Reynolds Tobacco Co. v. Gray*, 132 S. Ct. 1810 (2012).

[13]    Though costs clearly vary (especially with mistrials), it typically requires several hundred thousand dollars in advanced expenses and more than $1 million worth of attorney time to try an *Engle* case to judgment.

14

> cases was not by spending all of Reynolds' money, but by making that
> other son of a bitch spend all his.

*Smith v. R.J. Reynolds Tobacco Co.*, 630 A.2d 820, 826 n.7 (N.J. Super. Ct. App.

Div. 1993); *Blue Cross & Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*,

178 F. Supp. 2d 198, 237 (E.D.N.Y. 2001), *rev'd sub nom. Empire Healthchoice,*

*Inc. v. Philip Morris USA Inc.*, 393 F.3d 312 (2d Cir. 2004).

Even with the benefit of the *Engle* findings, former class members and the

amici are routinely subjected to overlong, burdensome, and wasteful discovery and

pretrial proceedings. Class members (mostly elderly and afflicted with serious

consequences of smoking-related disease) are often deposed over multiple days

and subjected to endless inquiry over irrelevant matters. The defendants often list

multiple expert witnesses they have no intention of calling at trial, which forces

conscientious plaintiffs' counsel to conduct very expensive and otherwise

unnecessary discovery.  While it is within the power of the trial courts to curb

these abuses, many of the trial courts are new to smoking and health litigation and

are reluctant to place limits on the defendants without a track record of waste and

abuse.  The unnecessary expense and burden of the litigation, coupled with the

built-in delay of litigation against the industry, has raised unnecessary barriers to

the prosecution of many cases, further raising the likelihood that many class

members will never come close to a courtroom, let alone obtain a judgment against

the defendants.

The point of all of this is that Reynolds' complaints of insufficient process should ring hollow to this Court. No group of persons or companies in the history of jurisprudence has received as much process as these Tobacco Defendants. Equally important are the rights of the class members who have been waiting 19 years now for their day in court. The Florida Supreme Court long ago reached a practical solution effectively balancing the due process rights of the parties. Every court to address the issue has determined that this solution did not violate due process. This Court should expeditiously reject Tobacco's attempt to gain yet additional litigation advantage in this already costly and time consuming litigation. The verdict below should be affirmed.

## II.    REYNOLDS' ARGUMENT CONCERNING THE INADEQUACY OF THE JURY INSTRUCTIONS WAS SETTLED LONG AGO.

Reynolds' due process complaints can be boiled down to one argument: the jury verdict form in Phase I was not sufficiently specific to be of any use in the subsequent *Engle* progeny litigation. As noted above, this argument is overblown. Considering the context of Phase I, which was to litigate class-wide claims, and the "all-or-nothing" approach Tobacco chose present to the jury, there can be no reasonable doubt that the jury intended to find that all of the cigarettes Tobacco sold to this class of addicted smokers were defective and that Tobacco's

16

negligence breached a duty owed to every Florida smoker who smoked Tobacco's addictive and dangerous cigarettes.[14]

Equally important, however, is that Reynolds has only itself to blame, if the jury verdict form was inadequate to determine whether the jury resolved the classwide claims on some theory not applicable to the entire class. Once again Reynolds' argument ignores that the very purpose of Phase I was to reach findings applicable to the entire class. This is how the jury was instructed, and this is how the case was litigated. Contrary to Reynolds' argument, Tobacco never submitted a proper jury verdict form containing more detailed or specific questions concerning the strict liability, negligence, warranty, or other claims. As Appellees ably explain in their brief, at the end of the trial, the parties offered competing interrogatory forms for the jury's verdict. Tobacco's proffered form was essentially an "essay test" that included numerous blank lines to be filled in by the jurors with narrative explanations for their verdict (*Master*:655 - Certain Defendants' Preliminary Draft Phase I Verdict Form; *Master*:655 at 35967-70).[15]

---

[14]    The broad nature of these findings is hardly surprising given the other findings of the jury which, although not at issue here, informed and influenced the findings on product defect and negligence. During the time periods at issue, the jury found Reynolds and the other manufacturers entered into a broad ranging conspiracy to commit fraud by misrepresentation and omission regarding the very addictive nature and dangers of the products that formed the basis of the defect and negligence findings.

[15]    We use the same references to the DVD contained in the *Engle Master* record as Appellees.

17

The judge rejected the form as improper. Despite conceding that it was "incumbent upon all of us" to provide additional "enumerated" statements for a more detailed verdict form (*Master*:655 at 35954), and despite repeated requests from the trial judge, Tobacco never submitted a feasible alternative verdict form (*Master*:655 at 35967-68).

The jury interrogatories ultimately utilized followed a defense-counsel suggestion of a "middle ground" (*Master*:655 at 35969), and consisted of 12 pages with more than 240 questions including subparts (*Master*:655 at 37557-59, 37562, 37570-71).

There was no doubt that all parties understood that the findings would have class-wide impact (*Master*:655 at 37558). Indeed, that is exactly what Tobacco wanted, repeatedly demanding that all jury findings have full preclusive effect. Thus, Tobacco proclaimed, "if the defendants win, we want as many people as possible bound" (*Master*:655 – May 6, 1996, hearing at 11), and if the jury answers "no . . . then not a single Florida smoker can recover" (*Master*:655 at 36007). Tobacco then acknowledged that the jury's verdict will enable "other class members, however many thousands or hundreds of thousands it may be . . . [to] recover" (*Master*:655 at 38878, 38896-97).

If Tobacco thought that this verdict form was inadequate to fulfill its class purpose, the time to raise those concerns was in Phase I, rather than by way of

18

collateral attack many years later.  Tobacco knew that Phase I was going to lead to findings applicable to every member of the class.  Indeed, that is exactly what they wanted.  If they thought that the Phase I findings were inadequate for that purpose, they should have proposed instructions in *Engle* Phase I that would have protected that interest.  For whatever strategic reason, the Tobacco Defendants chose not to offer such a form.  Any argument over the adequacy of the *Engle* Phase I jury instructions is now settled.  *Engle*, 945 So. 2d at 1259 (*res judicata* applies to any issue that could have been raised).

In short, if the Tobacco Defendants believed that their interests were not adequately protected, they should have submitted a proper verdict form with the questions they believed were necessary to protect their interests in the subsequent phases of the trial.  To preserve an argument for a jury instruction or verdict form, a party must propose a version which itself is accurate and not objectionable.  *See* 1.470, Fla. R. Civ. P.; *Whitman v. Castlewood Int'l*, 383 So. 2d 618, 619-20 (Fla. 1980) (to properly object to a general verdict form, party must submit a proper special verdict form).  *See Florida E. Coast Ry. Co. v. Gonsiorowski*, 418 So. 2d 382, 834 (Fla. 4th DCA 1982) (to preserve the issue, defendant was required to present a special verdict form).  And if Tobacco felt that the rejection of their narrative jury verdict form was erroneous, the time for that challenge was in the original *Engle* appeal.  Defendants had a full and fair opportunity to litigate the

19

Phase I jury verdict form.  Any issues relating to the adequacy of the Phase I verdict form are now settled.

Indeed, Florida law is clear that any doubt concerning the jury's findings is resolved against Tobacco.  Because Phase I was litigated in a Florida state court, it was subject to Florida's long-standing "two-issue rule."  Under that rule, when there is a general verdict of liability and the jury was presented with multiple theories of liability, there is no need to speculate about which theory of liability the jury accepted.  If there is a need for more specificity in the verdict form, it is up to the party who believes that more specificity is needed to request special interrogatories that require the jury to answer "yes" or "no" as to each theory; otherwise the jury's "yes" answer to the general question of liability is presumed as a matter of law to be based on whatever theory would support the judgment. *Whitman*, 383 So. 2d at 619-20; *see generally* Philip J. Padovano, *Florida Appellate Practice* § 19:12 (2013).  This rule specifically applies when there is a single count of negligence, but different theories regarding how the defendant was negligent. *E.g., Chua v. Hilbert*, 846 So. 2d 1179, 1182 (Fla. 4th DCA 2003).[16]

---

[16]  To be clear, amici are not asking this Court to apply Florida's two-issue rule in this appeal.  Our point is that the issue of the jury verdict form was settled in the original *Engle* litigation.  It was incumbent on Tobacco in that class litigation to assist in developing a jury verdict form that would protect its legal interests in accordance with the well-settled rules of Florida substance and procedure. Florida's two-issue rule, which would have been well familiar to every lawyer in

20

The Tobacco Defendants were clearly subject to the "two-issue rule" while litigating Phase I, but specifically declined to offer the more specific jury interrogatories that would have eliminated any potential problem. *Whitman*, 383 So. 2d at 620. Of course, the reason that Tobacco did not ask for a more detailed verdict form was that they had no interest in litigating the "micro" defects discussed in Reynolds' brief. Nor did they have any interest in distinguishing among their brands (which might have increased the chances of the jury finding in favor of the class as to some brands). Tobacco's strategic choice was to argue that none of its cigarettes were unreasonably dangerous and defective and, as a result of that choice, Tobacco chose to forego a more detailed jury verdict form that would have addressed these micro defects. It is too late for Reynolds to complain about the jury verdict form now.

In short, Reynolds' due process argument must be rejected because it had a full and fair opportunity to litigate its class-wide defenses in Phase I, including a full and fair opportunity to develop a verdict form adequate to protect its interests in the subsequent individual phase of the litigation -- which all parties knew was on the horizon. If Reynolds somehow felt that the Phase I verdict was inadequate for its intended purpose and the trial court was at fault, it had a full and fair

---

the original *Engle* litigation, required any doubt to be resolved against the defendant who failed to protect its interest and required Tobacco to address the specificity of the jury verdict form in Phase I, not now.

opportunity to raise that complaint in the appellate litigation that culminated in the Florida Supreme Court's original *Engle* decision.   It is too late to raise those arguments again by way of collateral attack now.   Reynolds must live with the strategic choices it made in Phase I.

## III.   REYNOLDS' ARGUMENTS ARE LIMITED TO THE STRICT LIABILITY AND NEGLIGENCE CLAIMS.

This appeal concerns verdicts only on plaintiffs' strict liability and negligent claims, and Reynolds' arguments are directed only at the strict liability and negligence findings. Even if its "what defect?" argument had any currency at all, it has no application to the concealment and conspiracy claims. At the risk of gilding the lily, the amici have additional counter-arguments to the various iterations of the due process challenge Tobacco Defendants have made regarding these claims in other courts.[17] Because the concealment and conspiracy findings are not at issue in this case, the amici have no reason to develop them here.  In the unlikely event that this Court differs with the district court and the Florida Supreme Court on the due process issue, its opinion should be directed only at the strict liability and defect

---

[17]    By way of example only, in many cases, the Tobacco Defendants have conceded that, regardless of their due process argument, the *Engle* findings do establish that they entered into a conspiracy to conceal the dangers of their cigarettes. Under many formulations of the causation instruction on this claim, the jury will necessarily have found that the plaintiff was injured by one or more specific fraudulent acts by members of the conspiracy.

22

Fransisco, California 94111; Kathryn E. Barnett (kbarnett@lchb.com), Lieff Cabraser Heimann & Bernstein, LLP, 150 Fourth Ave. North, Suite 1650, Nashville, Tennessee 37219; Stephanie E. Parker (sparker@jonesday.com) and Jason T. Burnette (jtburnette@jonesday.com), Jones Day, 1420 Peachtree Street, N.E., Suite 800, Atlanta, Georgia 30309; Gregory G. Katsas (ggkatsas@jonesday.com) and Charles R.A. Morse (cramorse@jonesday.com), Jones Day, 51 Louisiana Ave., N.W., Washington, DC 20001; and Paul D. Clement (pclement@bancroftpllc.com), Bancroft PLLC, 1919 M. Street, N.W., Suite 470, Washington, DC 20036. I FURTHER CERTIFY that on **May 8, 2013**, I sent a true and correct copy of the foregoing by email and U.S. Mail to Samuel Issacharoff (si13@nyu.edu), 40 Washington Square South, 411J, New York, New York 10012.

s/Steven L. Brannock
STEVEN L. BRANNOCK
Florida Bar No. 319651